(July 21, 2003)

■ JOSE ALVAREZ et al., Respondents, et al., Plaintiff, v TELE-MECHANICS, INC., et al., Respondents, and E.W.G. CONTAINER Co., Appellant. (Action No. 1.) HARTFORD FIRE INSURANCE COMPANY, as Subrogee of TELEMECHANICS, INC., Plaintiff, v MIDDLE EARTH LIMITED PARTNERSHIP et al., Defendants. (Action No. 2.)

[762 NYS2d 512] —In a consolidated action to recover damages for personal injuries and wrongful death and a related action for subrogation which were joined for trial, E.W.G. Container Company, a defendant in Action No. 1, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated January 4, 2002, as denied that branch of its cross motion, made jointly with James LeBlanc and Providence Washington Group, defendants in Action No. 2, which was for summary judgment dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the plaintiffs-respondents and the defendant-respondent in Action No. 1 appearing separately and filing separate briefs.

The plaintiffs in Action No. 1 allege that they sustained injuries when the roof of a warehouse where they were working collapsed, about seven weeks after a truck owned by E.W.G. Container Company (hereinafter EWG), a defendant in Action No. 1, backed into a support column supporting the roof. Custom Weld Industries, a defendant in Action No. 1, was retained to install a temporary support column and to eventually permanently repair the damage. The permanent repairs were to take place on the date of the accident, but the roof collapsed before the permanent repairs were performed.

The Supreme Court properly denied that branch of the cross motion which was for summary judgment dismissing the complaints and all cross claims insofar as asserted against EWG in Action No. 1 because insufficient evidence was submitted to establish EWG's entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]).

EWG breached a duty of care when its driver damaged the support column, which may have proximately caused the roof to collapse (see generally Turcotte v Fell, 68 NY2d 432 [1986]; Pulka v Edelman, 40 NY2d 781 [1976]). Contrary to EWG's contention, it failed to establish that the temporary repairs, coupled with the passage of time, were superseding intervening acts that severed the causal link between its negligence and the roof collapse (see Bell v New York City Health & Hosps.

*Corp.,* 90 AD2d 270, 285 [1982]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *Dunn v State of New York,* 29 NY2d 313, 318 [1971]).

Since insufficient evidence was tendered demonstrating that the damage EWG caused to the support column did not affect the structural integrity of the roof, there is a triable issue of fact as to whether its negligence was a proximate cause of the roof collapse (*see Ostrowski v Massa,* 168 AD2d 964 [1990]; *Hassanein v Avianca Airlines,* 872 F Supp 1183 [1995]). Moreover, although seven weeks elapsed from the time EWG damaged the support column and the time the roof collapsed, "a mere lapse of time, no matter how long is not sufficient to prevent [an actor's conduct] from being the legal cause of the other's harm" (*Hassanein v Avianca Airlines, supra* at 1189 [internal quotation marks omitted]; *see also* Restatement [Second] of Torts § 433, Comment *f*).

We note that any contentions raised on behalf of defendants in Action No. 2 Providence Washington Insurance Co. and James LeBlanc, as purported appellants, have not been considered because their contentions are not properly before the court (*see* CPLR 5515 [1]). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.